■ In the Matter of HARRY J. KANGIESER, Respondent, v. SUFFOLK COUNTY BOARD OF SUPERVISORS et al., Appellants.— Appeal from a judgment of the Supreme Court, Suffolk County, entered October 7, 1968, which *inter alia* (1) adjudged invalid a certain local law in relation to the eligibility of a Town Supervisor to hold the office of County Legislator and (2) enjoined submission of the law to the Suffolk County electorate. Judgment affirmed, without costs. No opinion. Leave to appeal to the Court of Appeals granted. Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

## (October 21, 1968)

■ In the Matter of ANTHONY ALFANO, Petitioner. WESTCHESTER COUNTY BAR ASSOCIATION, Respondent.— Application by a suspended attorney, whose period of suspension has expired, for reinstatement as an attorney and counsellor at law. The application was referred to the Committee on Character and Fitness for the Ninth Judicial District for investigation, hearing and report. The committee's report has been received by the court. Application granted; applicant's name directed to be restored to the roll of attorneys and counsellors at law, effective forthwith. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of J. LEWIS FOX, an Attorney.— The above-named attorney has submitted to this court his letter dated October 9, 1968, in which he states that he thereby tenders his resignation from the Bar, effective October 14, 1968. He was admitted to practice by this court on March 16, 1932 under the name of Jack L. Fox (his name was thereafter changed to J. Lewis Fox). The facts underlying the resignation follow. On January 18, 1966 an indictment was filed in New York County charging him with nine counts of perjury in the first degree. After trial on the indictment was commenced, and on June 18, 1968, his plea of guilty to perjury in the second degree, a misdemeanor (Penal Law [of 1909], §§ 1620-b, 1633, subd. 2), under the first count, to cover the indictment, was accepted on condition that he resign from the Bar, with a recital of the facts and a statement that he will not make a future application for reinstatement. He was sentenced on October 14, 1968 to a penitentiary term of one year, with execution suspended, and placed on probation. The letter appears to comply with the condition of the plea acceptance. As to the fact recital therein, Fox admitted he was guilty of perjury in that he had falsely told a Grand Jury in New York County that he had not received $5,000 in cash from a named person "with the understanding that the money was to be paid to a public officer in order to prevent a disclosure of the finding of horse meat" on certain premises. The resignation is accepted and directed to be filed; and it is ordered that the said attorney's name be struck from the roll of attorneys and counsellors at law, effective as of the date of this decision. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.